Dear Ms. Core:
This office is in receipt of your request for reconsideration, in part, of Atty. Gen. Op. 09-0292.
First, you ask us to reconsider our conclusion that, because parcel fees are considered property taxes under ACORN v. City ofNew Orleans, [1] delinquent parcel fees must be collected by the tax collector through the sale of property at the annual parish tax sale pursuant to La.Const. art. VII, § 25(A).[2]
That constitutional provision governs property taxes and provides that the sheriff "shall advertise for sale the property on which the taxes are due." Still, neither La.Const. art. VII, § 25(A) nor any other constitutional or statutory provision requires the assessor to carry fire protection district parcel fees on the parish tax rolls. In fact, the last sentence of La.R.S. 40:1505(A) provides that "[s]uch fee may be carried on the tax rolls for the parish in which such district is located and collected at the same time as parish ad valorem taxes." [Emphasis added.]
Even so, considering that the sheriff must collect delinquent parcel fees through the sale of property at the annual parish tax sale pursuant to La.Const. art. VII, § 25(A), it would be more efficient if such fees were carried on the tax rolls by the assessor.[3] For that reason, we strongly urge that the assessor, fire protection districts, and the sheriff to reach an agreement whereby the assessor would agree to carry these parcel fees on the parish tax rolls and collect them at the same time as parish ad valorem taxes.
Thus, it is the opinion of this office that it is not mandatory — but strongly advisable — for a fire protection district parcel fee to be carried on the tax rolls for the parish in which such district is located and collected at the same time as parish ad valorem taxes. *Page 2 
Attorney General Op. No. 09-0292 is recalled to the extent that it is in conflict with our determination herein.
Next, you ask us to reconsider our determination that a motor vehicle is not be included in the items that must be provided to a parish tax collector and assessor under La.R.S. 33:4713. However, we maintain our opinion for the following reasons.
As we explained in Atty. Gen. Op. No. 09-0292, the subject matter of La.R.S. 33:4713, as well as the illustrated list from Atty. Gen. Op. No. 88-246, only encompasses the type of equipment that is typically found in an office building. Again, this is supported by the fact that La.R.S. 33:4713 falls within Chapter 13 of Title 33, the subject of which is "Property and Buildings." Further, the heading for La.R.S. 33:4713 indicates that the subject matter of the statute is "Providing quarters for court and parish officers." Additionally, we have consulted with several parish assessors, and none of them have indicated that their parish governing authority purchases vehicles or otherwise reimburses their office for vehicle expenses pursuant to La.R.S. 33:4713.[4] Our opinion is also provided further credence by the recent enactment of La.R.S. 47:1980(F), which provides an automobile expense allowance for the Washington Parish assessor. Therefore, it is still the opinion of this office that a motor vehicle is not included in the items that must be provided to a parish tax collector and assessor under La.R.S. 33:4713.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL Attorney General
By: __________________________ BENJAMIN A. HUXEN II Assistant Attorney General
JDC/BAH II
[1] 377 So.2d 1206 (La. 1979).
[2] In accord is La. Atty. Gen. Op. No. 99-194
[3] See La.R.S. 47:2121, et seq., which contains the procedures for collecting delinquent ad valorem taxes through tax sales. These procedures involve the assessor and sheriff working hand-in-hand.
[4] While the prevailing practice of parish assessors is not a legally relevant consideration, we only provide this fact as support of our interpretation of La.R.S. 33:4713.